E. K. Lipoa by her guardian J. D. Robinson *v.* J. I. Dowsett et als.

---

## SUPREME COURT—JANUARY TERM, 1875.

---

*Harris and Judd, J. J.*

---

ELIZABETH K. LIPOA, BY HER GUARDIAN J. D. ROBINSON, *vs.* J. I. DOWSETT AND OTHERS.

AN unrecorded deed found after verdict is newly discovered evidence, and is good ground for a new trial.

Motion for new trial.

At the trial of this cause the plaintiff recovered a verdict against three of the defendants. Of these defendants Kaaumoana and Keahi her husband, now move to set aside that

verdict, and that a new trial be granted on the ground of newly discovered evidence, in their case.

The case went to trial before a jury at the October term, the defendants being put upon their title. There was no question that the original title was in the ancestor of the plaintiff; and the defendants claimed by virtue of a deed from his late Highness Mataio Kekuanaoa and her late Royal Highness Princess Kamamalu, but they showed no deed to their grantors, and now they come forward with a deed from the administrator of the estate of M. Lipoa to their grantors, made in pursuance of a legal order of sale, which if it had been presented at the trial would have been a good defense to the action, for so much of the land as is included in the description in the said deed.

The defendants' counsel in their affidavit say, that this is newly discovered evidence and was found among the papers of the late Mataio Kekuanaoa, and was unrecorded. We are at a loss to know how the defendants expected to make good their case, without showing the right of their grantors in the property, and if the deed to their grantors was unrecorded, where could they have gone to have made a "diligent search" if not to the representatives of the grantor or those having charge of their papers ?

If the defendants had not had time to search for this deed, before the trial came on, an averment to that effect, and that they expected to obtain it, would have easily procured them a continuance over the first term.

It is a very serious question as to how much the Court ought to relieve against the negligence of attorneys; sometimes it has been held that a new trial would be granted, when it appears that an attorney is unable to answer in damages to his client, and when he is so able, to leave the client to a suit against his attorney for damages.

Inasmuch as the plain and manifest dictates of justice (14 Pick., 494) in this case require that these defendants should

E. K. Lipoa by her guardian J. D. Robinson *v.* J. I. Dowsett et als.

have relief, we prefer to grant them a new trial rather than leave them to the circuitous course of an action against their attorney; but we do it with reluctance, lest this decision may be taken as an encouragement and shield to negligence.

Under all the circumstances of this case a new trial will best promote the ends of justice, and it is granted on terms of payment of plaintiffs' costs up to this date, and these costs shall not be recovered in any judgment that may be had in this case.

E. Preston for plaintiff.
W. C. Jones for defendant.